# MARCH, 1911.

### J. M. NEWMAN v. THE STATE.

#### No. 311. Decided January 18, 1911.

#### Rehearing Denied March 1, 1911.

**1.—Illegal Practice of Medicine—Indictment.**

Where, upon trial of unlawfully engaging in the practice of medicine, the indictment followed approved precedent, there was no error. Following Newman v. State, 58 Texas Crim. Rep., 223.

**2.—Same—Masseur—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of the illegal practice of medicine, the evidence showed that the defendant was treating and offering to treat disease as a masseur and charged for his services either directly or indirectly, and the court properly submitted the issue under the law, the conviction is sustained under the Act of the Thirtieth Legislature, page 224.

Appeal from the County Court of Kendall. Tried below before the Hon. H. Theis.

Appeal from a conviction of illegal practice of medicine; penalty, a fine of $100 and five days county jail.

The opinion states the case.

*Geo. Powell,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant was convicted in the County Court of Kendall County of the offense of unlawfully en-

gaging in the practice of medicine without first having registered and filed for record the certificate required, and his punishment assessed at a fine of $100 and five days imprisonment in the county jail.

1. Appellant's first assignment of error complains of the action of the court in overruling his motion to quash the indictment. An indictment in terms exactly similar to this was passed on by this court in Newman v. State, 58 Texas Crim. Rep., 223, 124 S. W. Rep., 956, and held to be a valid indictment.

2. In his second assignment of error appellant insists that one who practices as a "masseur" is not guilty of any offense under the Act of the Thirtieth Legislature, pp. 224 to 228, and that the facts are insufficient to sustain the judgment. Whether or not the facts are sufficient was submitted to the jury trying the cause under a proper charge, and the jury find against appellant's contention. The court, at the instance of appellant, gave the two following special charges:

(1) "If you find from the evidence that the defendant did not charge for his services as a masseur, or for treatment by any method or system, and receive pay for such treatment between the 27th day of May, 1909, and the 21st day of June, 1909, you will acquit him, and say by your verdict, we, the jury, find the defendant not guilty," and

(2) "You are instructed that a masseur in his particular sphere of labor is not required to secure a certificate authorizing him to practice medicine, and if you believe from the evidence that defendant as a masseur practiced within the particular sphere of masseurs you will acquit him."

These charges submit to the jury fairly the defense of appellant, and the case of Newman v. State, 58 Texas Crim. Rep., 223, 124 S. W. Rep., 956, so fully presents and discusses the question of when one who uses the massage treatment for disease would become liable, we deem it unnecessary to enter into an extended discussion of the question, but merely refer to that decision.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 1, 1911.

HARPER, JUDGE.—At a former day of this term of court this case was affirmed, and appellant has filed a motion for rehearing, earnestly insisting that the evidence is insufficient to support a judgment of conviction, this being the only ground for a rehearing.

We have carefully reread the testimony. Mrs. Pfeiffer states that she was treated by defendant for "floating kidney." "He treated me twenty-six days for $25, and then treated me another twenty-six days for $25. This was prior to May 27. I came to his office in Boerne and was treated. I made payments to him as I was able."

Mr. Pfeiffer stated: "My wife did the paying. After two months the treatment was to be free. She came to his office for treatment." Mrs. Bergman: "I went to defendant's office and was treated by him between May 27 and June 21. He did not charge for his services during that time, but I gave him $10. He charged me for services prior to May 27."

Defendant run an advertisement in the Boerne paper: "Come and take masseur treatment and learn to live without drugs." Under the construction of the medical practice Act by this court in Newman v. State, 58 Texas Crim. Rep., 223, 124 S. W. Rep., 956, these acts constituted a violation of the law.

Subdivision 2 of sec. 13 of chap. CXXIII of the Act of the Thirtieth Legislature, reads: "Any person shall be regarded as practicing medicine who shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity, or injury by any system or method, or to effect cures thereof and charge therefor, directly or indirectly, money or other compensation."

If the jury hearing the testimony arrived at the conclusion that appellant was treating and offering to treat disease by some method and charged therefor, directly or indirectly, we can not say that there was no testimony to support their finding.

Motion for rehearing is overruled.

*Overruled.*